**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4187**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN SALAZAR-MORENO,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:07-cr-00648-RBH-1)

---

Submitted: May 22, 2008             Decided: May 28, 2008

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Reginald I. Lloyd, Assistant United States Attorney, Columbia, South Carolina, Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Salazar-Moreno pled guilty pursuant to a plea agreement to assaulting a federal corrections officer in violation of 18 U.S.C. § 111(a)(1) (2000), and was sentenced to thirty-three months in prison. Counsel for Salazar-Moreno has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal. Counsel acknowledges that the district court complied with Fed. R. Crim. P. 11 at the plea hearing and did not err in refusing to reduce Salazar-Moreno's Guidelines range by three for acceptance of responsibility pursuant to U.S. Sentencing Guidelines ("USSG") § 3B1.1 (2007). Salazar-Moreno has filed a pro se supplemental brief claiming that the district court should have reduced his Guidelines range pursuant to USSG § 3B1.1 because he was never charged with or found guilty of the post-plea conduct of which he was accused. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. After a thorough Rule 11 hearing at which Salazar-Moreno admitted his guilt and the voluntariness of his plea, the district court adopted the findings contained in the presentence investigation report ("PSR"), considered the 18 U.S.C. § 3553(a)

(2000) factors, and sentenced Salazar-Moreno to the low end of a properly calculated Guidelines range.

Salazar-Moreno's assertions to the contrary, we find that the district court did not clearly err when it accepted unrefuted information in the PSR establishing that after Salazar-Moreno entered his guilty plea, he engaged in similar conduct toward another prison guard. Accordingly, it was not error for the district court to refuse to apply a three-point reduction to Salazar-Moreno's Guidelines range; the Guidelines' commentary explicitly provides that a district court may consider whether the defendant withdrew from criminal conduct when determining whether to apply the three-point reduction for acceptance of responsibility. See USSG § 3E1.1, cmt. n.1 (2007).

Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Salazar-Moreno in writing of his right to petition the Supreme Court of the United States for further review. If Salazar-Moreno requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Salazar-Moreno. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
